PEOPLE ex rel. NEW YORK TELEPHONE CO. v. PUBLIC SERVICE COMMISSION, SECOND DIST. (No. 183/108.)

(Supreme Court, Appellate Division, Third Department. September 15, 1915.)

TELEGRAPHS AND TELEPHONES ⬥⇒33—CHARGES—REASONABLENESS—BURDEN OF PROOF.

As Laws 1914, c. 240, relates only to common carriers, the rule that in all proceedings instituted before the public service commission against public service corporations to review a change of rates the complainants have the burden of proving that the rates are unreasonable applies to a proceeding to regulate telephone rates, and where complainants made no showing that the rates were unreasonable an order reducing them will be reversed.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 21; Dec. Dig. ⬥⇒33.]

Certiorari by the People of the State of New York, on the relation of the New York Telephone Company, against the Public Service Commission of the Second District, to review orders made on the complaint of residents of the Village of Dexter. Orders annulled, and new hearing granted before the Commission.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John L. Swayze, of New York City (C. Walter Artz and Paul H. Burns, both of New York City, of counsel), for relator.

Ledyard P. Hale, of Albany, for respondent.

HOWARD, J. As a result of the decision recently rendered by this court in People ex rel. N. Y. C. & H. R. R. Co. v. Public Service Commission, 159 App. Div. 546, 145 N. Y. Supp. 513, and affirmed by the Court of Appeals, 215 N. Y. 241, 109 N. E. 252, a rule has been announced that in all proceedings instituted before the Public Service Commission against public service corporations to review a change of rates the burden rests on the complainants to prove that the rates complained of are unreasonable. In the record before us it is apparent that no attempt whatever was made to comply with this rule. In fact, the case was tried before the rule was established. The complainants contented themselves by simply presenting to the Commission a description of the situation, furnishing facts and data as to the number of subscribers, the rates charged and previously charged, the changes in ownership of the telephone lines, the distances covered, the location of the villages involved, and other matter. But no

effort was made to fix the value of the relator's property, or show that the rates charged produced to the relator more than a fair and reasonable return upon its investment. Indeed, the complainants, as well as the Commission, proceeded upon the theory that the burden was upon the telephone company to show that its rates were fair, reasonable, and lawful. But this theory was erroneous, for exactly the opposite doctrine has been proclaimed in People ex rel. N. Y. C. & H. R. R. Co. v. Public Service Commission, supra.

This rule propounded by the courts has been abrogated by the Legislature (chapter 240, Laws 1914) so far as it relates to common carriers. It remains intact, however, apparently, as to all other public service corporations, and therefore must control our determination in this case. The decision of this court in the New York Central Case, supra, was rendered before chapter 240 of the Laws of 1914 was enacted, although the decision of the Court of Appeals was rendered subsequently. When the case was in this court, I dissented from the doctrine promulgated, but notwithstanding my dissent it has become the law of the state and must be respected and observed. Therefore, the complainants having failed to discharge the burden cast upon them by this rule, it necessarily follows that the order of the Public Service Commission should be reversed. Having reached this conclusion, it is unnecessary to discuss the merits of the controversy.

The orders of the Public Service Commission are annulled, and a new hearing is granted before the Commission. All concur.